Mr. Justice Johnson
delivered the opinion of the court:
The motion of the defendant for a new trial is predicated on the general ground that the verdict is contrary to law and evidence. Less than twenty years' is not per se sufficient to authorize the presumption of payment, nor does it appear to me that the circumstances relied on in , aid of this presumption, would authorize it in so- short a period as eleven years, unsupported by the suspicious and obliterated memorandum underwritten on the bond, by which the jury was controlled in their verdict. And if the case stood thus, I should incline to think that a new trial ought to be granted, the verdict being directly opposed to the evidence. For, cautious as the courtis in interfering with the verdicts of juries arising out of facts, there have arisen, and will, as long as man continues frail, cases in which it would be iniquitous to refuse it; and if this memorandum was rightly called in aid of the other circumstances relied on, I should hesitate in pronouncing for a new trial. The memorandum entirely escaped the vigilance of the council on both sides and of the court, and upon examination, it is found that to detect that any thing had been written on the bond, the eye must be directed to the spot, and even then, it requires great acuteness of vision to trace any of the characters ; so that it is no matter of surprize that it was not observed. It becomes then a question of some consequence,, how far facts unknown to the court ought to be permitted to influence the finding of a jury. As a general rule, they are entirely excluded ; butin this case the memorandum was indorsed on the bond and constituted a part of the res integra, and was necessarily and properly before the jury, and could not, therefore, be excluded ; and in this view of it, the verdict might be supported. It is evident, however, that the detection of this memorandum has operated as a surprize on the dd *315 fendant. If known, it was not incumbent on him to give explanations to a thing in itself unintelligible .until it was used as a weapon against him ; and this was not done .until the jury had retired and all-communication with them was prohibited; and the course the case had taken was unknown. If it had been made aground of the defence in the court, the defendant might, by the introduction of evidence, have given it all the explanations it required, or the jury might have been instructed by the court in re? spect to its legal operation. Upon the whole, therefore, I conclude that a new? trial ought to be granted, on the ground of surprize alone, to give the defendant an opportunity of explaining what he was not called on to do before, and which has operated so much to his prejudice. Surprize alone, arising out of circumstances unknown to the party and without his control, is of itself, sufficient to authorize the court to grant a new trial, and this is one of those extraordinary cases. in which -the court sees clearly that the faetón which the verdict is principally predicated, has not been investigated, and that without the fault of the party. It is better, therefore, to send it back for investigation, than to incur the risk of doing injustice by deciding on a partial view of the case.
White, for the motion.
Kennedy, contra.
The motion is granted.
Justices Colcock, Nett, Richardson and Huger, coni eurred.